562 F.2d 4
 Fed. Sec. L. Rep. P 96,168
S. William GREEN, Evelyn Green and Cynthia Colin, as
Executors of the Estate of Louis A. Green, Deceased, and
Evelyn Green, Individually, and as stockholders of Kirby
Lumber Corporation, suing on behalf of themselves and for
the benefit of said corporation and for the class of all
other stockholders of said corporation similarly situated,
Plaintiffs-Appellants,
v.
SANTA FE INDUSTRIES, INC., Santa Fe Natural Resources, Inc.,
Kirby Lumber Corporation, and Morgan Stanley &
Co., Defendants-Appellees.
 No. 1563, Docket 75-7256.
 United States Court of Appeals,
Second Circuit.
 Submitted on Remand Aug. 23, 1977.
Decided Sept. 8, 1977.
 
 Before MEDINA, MOORE and MANSFIELD,* Circuit Judges.
 PER CURIAM:
 
 
 1
 This case is now before us again "for further proceedings consistent with" the opinion of the Supreme Court reported at 430 U.S. 954, 97 S.Ct. 1597, 51 L.Ed.2d 803 (1977). On the prior appeal we decided only the sufficiency of plaintiffs' Rule 10b-5 claim, and our opinion states at 533 F.2d at page 1294, "we do not reach the pendent or diversity claims." In compliance with the direction for "further proceedings" we now address ourselves to the points not previously considered or decided by us.
 
 
 2
 The opinion of the Supreme Court clearly leaves open plaintiffs' claims pursuant to state laws. If we were to affirm without qualification or modification the rulings of the District Court denying plaintiffs' motions for leave to amend the complaint with respect to their pendent or diversity claims, such a ruling might effectively preclude plaintiffs from making such further motions for leave to amend the complaint as they might consider proper in the context of the views expressed in the opinion of the Supreme Court.
 
 
 3
 Therefore, we modify the order of the District Court only to the extent that we rule such order denying leave to amend the complaint to have been made without prejudice to the making in the District Court of a new motion, upon such affidavits or other proofs that plaintiffs may be advised to present to the District Court, for leave to file an amended complaint with respect to the diversity claims. As to the pendent claims, since plaintiffs' federal claim has been dismissed long before trial there is no basis for the exercise of jurisdiction pendent to a federal claim. United Mine Workers of America v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). As so modified, we affirm the order denying plaintiffs' motions for leave to amend the complaint with respect to the pendent and diversity claims.
 
 
 4
 We express no opinion on the subjects of whether or not such motion should or should not be made, or whether, if made, such motion should be granted or denied or otherwise ruled upon.
 
 
 
 *
 Judge Mansfield having disqualified himself from further consideration of this case, this decision is rendered by Judges Medina and Moore, who are in agreement, pursuant to the rules of this Court, § 0.14(b)